UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHARLES BEIDLEMAN,<br><br>           Plaintiff,<br><br>      v.<br><br>CITY OF MODESTO,<br><br>           Defendant. | No. 1:16-cv-01100-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, AND GRANTING THE PARTIES' STIPULATION REGARDING EARLY SETTLEMENT CONFERENCE AND TOLLING OF CLAIMS<br><br>(Doc. Nos. 34, 43) |

      Plaintiff Michael Charles Beidleman is employed as a fire captain for the defendant City of Modesto ("City"). According to the complaint and to plaintiff's declaration submitted in support of the instant motion, during plaintiff's employment, the City offered, and plaintiff accepted, the option to receive monetary compensation in lieu of certain City-sponsored health benefits. (Doc. No. 1 ("Compl.") ¶ 25; Doc. No. 34-3 ("Beidleman Decl.") ¶¶ 4, 6.) Plaintiff alleges that, for the three years prior to the commencement of this action, the City failed to include these in-lieu payments in its calculation of plaintiff's regular rate of pay, resulting in an underpayment of overtime compensation. (Compl. ¶¶ 26; Beidleman Decl. ¶ 8.) Plaintiff further alleges that defendant's failure to fully compensate him and others similarly situated constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). *See Flores v. City*

*of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (holding that cash payments in lieu of health benefits "must be included in the regular rate of pay and thus in the calculation of the overtime rate" under the FLSA).

On February 16, 2017, plaintiff filed a motion for conditional certification and facilitated notice under the FLSA.  (Doc. No. 34.)  On March 7, 2017, defendant filed its opposition.  (Doc. No. 39.)  Therein, defendant indicated that it does not oppose conditional certification but rather sought to stay proceedings in this case pending the completion of a proposed court-ordered early settlement conference.  (*See id.* at 1–2.)  On March 14, 2017, plaintiff filed his reply.  (Doc. No. 40.)

A hearing on the motion was held on March 21, 2017.  Attorney Ace T. Tate appeared on behalf of plaintiff, and attorney Kevin P. McLaughlin appeared on behalf of defendant.  As discussed at the hearing, the parties thereafter filed a stipulation regarding participation in an early settlement conference and the tolling of claims.  (Doc. No. 43.)  Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant plaintiff's motion for conditional certification and adopt the parties' stipulation.

## CONDITIONAL CERTIFICATION

Pursuant to the FLSA, an employee may file a civil action, on behalf of himself and other employees similarly situated, against an employer that fails to adhere to federal minimum wage and overtime law.  29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ___, 133 S. Ct. 1523, 1527 (2013).  Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, similarly situated employees can join an FLSA collective action only if they opt-in by giving written consent to be joined.  29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated," and this court finds no binding Ninth Circuit or Supreme Court authority interpreting that term.  Accordingly, district courts in this circuit have used a two-step approach to decide whether potential FLSA plaintiffs are similarly situated.  *See, e.g.*, *Kellgren v. Petco Animal Supplies, Inc.*, No. 13CV644 L KSC, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015); *Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-AWI-MJS, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014); *Troy v. Kehe Food Distributors, Inc.*, 276

F.R.D. 642, 649 (W.D. Wash. 2011); *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467–68 (N.D. Cal. 2004); *Wynn v. National Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002). In the first step, district courts may conditionally certify the proposed class based on consideration of the parties' pleadings and affidavits. *Leuthold*, 224 F.R.D. at 467. This determination is made under a "lenient standard"—requiring a preliminary determination that notice is appropriate and that "the putative class members were together the victims of a single decision, policy, or plan." *Lewis*, 669 F. Supp. 2d at 1127 (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare*, 133 S. Ct. at 1530 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989)). District courts have the authority to facilitate notice to potential plaintiffs and may set a deadline for plaintiffs to opt in. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing *Hoffmann-La Roche*, 493 U.S. at 169). In the second step, after class members have opted in and discovery has taken place, the party opposing class certification may seek to decertify the class. *Leuthold*, 224 F.R.D. at 467.

Plaintiff Beidleman has met his burden of showing at the first step that conditional certification is warranted. At this stage in the litigation, plaintiff proposes, and defendant does not oppose, defining those "similarly situated" as "any and all current or former employees of the City of Modesto in the job classifications of firefighter trainee, firefighter, fire engineer and fire captain who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since July 28, 2013." (Doc. No. 34-4 at 1; *see also* Doc. Nos. 34-1 at 4; 39 at 1.) Plaintiff contends that his decision to receive monetary compensation in lieu of health benefits is part of a broader uniform City policy affecting other fire department employees. (*See* Beidleman Decl. ¶¶ 9–10.) In addition, based on plaintiff's personal knowledge and belief, the City similarly excludes such in-lieu compensation from its calculation of regular rates of pay for purposes of overtime compensation. (*Id.* ¶ 10.) Based on these representations, the court is satisfied and accordingly grants conditional certification of the proposed class.

**STIPULATED EARLY SETTLEMENT CONFERENCE**

In its opposition to plaintiff's motion, defendant originally requested a stay of proceedings in the case—including discovery, motion practice, and issuance of a notice to the class—until completion of an early settlement conference. At the hearing on this matter, the parties agreed in principle to an early settlement conference. Subsequently, they filed a stipulation regarding their participation in an early settlement conference and the tolling of claims pending the completion of that settlement conference. (Doc. No. 43.) Having carefully reviewed the parties' stipulation, the court finds good cause to adopt and grant it.[1]

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion for conditional certification (Doc. No. 34) is granted;
2. The court conditionally certifies this FLSA collective action for a class comprising any and all current or former employees of defendant City of Modesto in the job classifications of firefighter trainee, firefighter, fire engineer, and fire captain, who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since July 28, 2013;
3. Plaintiff Michael Charles Beidleman is appointed collective action representative;
4. Plaintiff's counsel, Mastagni Holstedt, APC, is appointed counsel for this collective action;
5. The parties' stipulation (Doc. No. 43) is granted;
6. The parties will participate in a settlement conference with U.S. Magistrate Judge Stanley A. Boone on May 23, 2017, at 10:00 a.m.
7. Notice of the action shall not be sent to potential plaintiffs in this conditionally certified collective action until after the settlement conference is conducted.

/////

/////

---

[1] As a result, the court will deny defendant's original request for a stay as having been rendered moot.

4

8. The claims of any potential plaintiff shall be tolled from the date of entry of this order up to and through the date of the settlement conference.

9. No formal discovery will be conducted up to and through the date of the settlement conference; however, upon request, defendant shall informally provide to plaintiff all data and information necessary for plaintiff to analyze the claims of the collective action and to effectively participate in the settlement conference.

IT IS SO ORDERED.

Dated:  **March 30, 2017**                                     /s/ Dale A. Drozd
                                                               UNITED STATES DISTRICT JUDGE