UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHARLES BEIDLEMAN, on behalf of himself and all similarly situated individuals,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF MODESTO,<br><br>    Defendants. | No. 1:16-cv-01100-DAD-SKO<br><br>ORDER REQUIRING SUPPLEMENTAL SUBMISSION IN SUPPORT OF STIPULATION AND PROPOSED ORDER FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE<br><br>(Doc. No. 53, 54.) |

  This is an action brought by plaintiff Michael Charles Beidleman ("plaintiff") on behalf of himself and all others similarly situated against defendant the City of Modesto ("defendant"). In his complaint, plaintiff alleges that he and the putative class members were denied proper compensation in violation of the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. when defendant failed to include all statutorily required forms of compensation in the regular rate of pay used to calculate plaintiffs' overtime compensation. (Doc. No. 1 at 1.) Now before the court is the parties' stipulation to an order approving their settlement agreement and dismissing this action with prejudice. (Doc. No. 53.) After considering the papers filed in connection with this matter, the court will defer consideration of the stipulation and direct the

parties to supplement it with a declaration or declarations addressing those factors the court must make findings upon in determining that the proposed FLSA settlement is fair, adequate, and reasonable.

## BACKGROUND

On July 28, 2016, plaintiff commenced this action alleging violations of the FLSA based on defendant's use of an illegal compensation computation method, which under-calculated plaintiffs' regular rate of pay and resulted in under-payment of overtime hours.  (Doc. No. 1.) From September 9, 2016 to March 7, 2017, twenty-one individuals filed an affidavit giving written notice of their consent to join the FLSA class action.  (Doc. Nos. 4–14, 16–20, 24, 30, 33, 37–38.)  On February 16, 2017, plaintiff moved to conditionally certify a class of "similarly situated" potential opt-in plaintiffs, who "are or were employed by Defendant in the job classifications of fire captain, fire engineer, firefighter and firefighter trainee who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since July 28, 2013 to the present."  (Doc. No. 34-1 at 2.)  The court granted conditional certification of this class on March 30, 2017.  (Doc. No. 44.)  Additionally, the court adopted the parties' stipulation setting a settlement conference for May 23, 2017 before U.S. Magistrate Judge Stanley Boone and tolling plaintiffs' claims through the date of that settlement conference.  (Doc. Nos. 43, 44.)

On May 23, 2017, with Judge Boone presiding at the settlement conference, the parties reached an agreement and were directed to file dispositional documents and a joint settlement for court approval.  (Doc. No. 48.)  On August 22, 2017, the parties filed a stipulation and proposed order for approval of the settlement agreement and dismissal with prejudice.  (Doc. No. 53.)  On October 23, 2017, the parties filed a joint motion requesting that the court issue an order or in the alternative, set a case management conference.  (Doc. No. 54.)

## LEGAL STANDARD

Settlement of collective action claims under the FLSA requires court approval.  *See Jones v. Agilysys, Inc.*, No. C 12–03516 SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014).  "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot

be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69, 133 S. Ct. 1523, 1527 (2013). Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court. *See Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Yue Zhou v. Wang's Restaurant*, No. 05–cv–0279 PVT, 2007 WL 2298046, at *1, n.1 (N.D. Cal. Aug. 8, 2007).

The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). However, in this circuit, district courts have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Yue Zhou*, 2007 WL 2298046, at *1. "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk*, 159 F. Supp. 3d at 1172 (internal quotation marks and citation omitted). A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *Id.*

Once it is established that there is a bona fide dispute, courts often apply the Rule 23 factors for assessing proposed class action settlements when evaluating the fairness of an FLSA settlement, while recognizing that some of those factors do not apply because of the inherent differences between class actions and FLSA actions. *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013). To determine whether the proposed FLSA settlement is fair, adequate, and reasonable, courts in this circuit have balanced factors such as:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

1    *Khanna v. Intercon Sec. Sys., Inc.*, No. 2:09-CV-2214 KJM EFB, 2014 WL 1379861, at *6 (E.D.
2    Cal. Apr. 8, 2014), order corrected, No. 2:09-CV-2214 KJM EFB, 2015 WL 925707 (E.D. Cal.
3    Mar. 3, 2015); *see also Almodova v. City & Cnty. of Honolulu*, Civil No. 07–00378 DAE–LEK,
4    2010 WL 1372298, at *4 (D. Haw. Mar.31, 2010), *recommendations adopted* by 2010 WL
5    1644971 (D. Haw. Apr.20, 2010) (adopting class action settlement factors in evaluating a FLSA
6    collective action settlement even though some of those factors will not apply).  District courts in
7    this circuit have also taken note of the "unique importance of the substantive labor rights
8    involved" in settling FLSA actions and adopted a "totality of circumstances approach that
9    emphasizes the context of the case." *Selk*, 159 F. Supp. 3d at 1173.  With this approach, a
10   "district court must ultimately be satisfied that the settlement's overall effect is to vindicate,
11   rather than frustrate, the purposes of the FLSA." *Id.*  Settlements that reflect a fair and reasonable
12   compromise of issues that are actually in dispute may be approved to promote the efficiency of
13   encouraging settlement of litigation. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-
14   5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012).

## ANALYSIS

Here, the parties have submitted a stipulation and proposed order for approval of a settlement agreement with the request to dismiss the action with prejudice.  (Doc. No. 53.)  The stipulation represents that the "Settlement Agreement contains a fair and just negotiated resolution to the current dispute between the parties in this case."  The court has no reason to doubt that representation by counsel in light of the fact that the settlement was achieved by way of a court supervised settlement conference, presided over by a magistrate judge of this court.  However, the parties' stipulation provides no factual representations or analysis as to why this settlement agreement is a fair and reasonable resolution of a bona fide dispute.  (*Id.* at 3.)  As a result, the court is not yet able to make the required findings necessary to approve this settlement agreement.

Accordingly, the parties are directed to supplement their stipulation for approval and dismissal by way of declaration(s), briefing or both, addressing the fairness, adequacy, and reasonableness of the settlement.  The supplemental filings shall be submitted within twenty-one

days of the service of this order. Upon receipt of the supplemental filings the court will issue an order addressing the proposed settlement and dismissal.

IT IS SO ORDERED.

Dated: __October 26, 2017__  
                                              UNITED STATES DISTRICT JUDGE